*M̸*

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 MAY 15 P 4: 38

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| MICHAEL WALKER | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO: 01-0367 |
| STATE OF LOUISIANA | * | SECTION: "L"(6) |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  For the reasons set forth below, it is recommended that the instant petition be **DENIED WITH PREJUDICE AS UNTIMELY**.

### Procedural History

Petitioner Michael Walker is a state prisoner currently incarcerated in the Allen Correctional Center, Kinder, Louisiana.  Petitioner is presently serving sentences totaling

DATE OF ENTRY
MAY 1 6 2001

Fee_____
Process'____
X  Dktd
CtRmDep____
Doc.No._____

MAY 1 6 2001

___ITE OF MAILING _____

thirty-three (33) years as a result of the trial court's adjudication of petitioner as a fourth

felony offender, pursuant to the habitual offender law as provided by La. R.S. 15:529.1(D).[1]

       Petitioner filed a motion for appeal and designation of record on August 11,

1995.[2]  He also filed four assignments of error upon which to base an appeal.[3]  Counsel for

petitioner filed his brief in support of his appeal on February 21, 1996, in the Louisiana First

Circuit Court of Appeal.[4]  Petitioner's convictions and sentences were affirmed on appeal.[5]

The Louisiana Supreme Court denied writs on November 7, 1997.[6]  Review of the record

---

[1]**State of Louisiana v. Michael Walker**, No. 232150, Twenty-Second Judicial District Court, Parish of St. Tammany, State of Louisiana.  Petitioner was found guilty by a jury of aggravated battery, a violation of La. R.S. 14:34, and he was originally sentenced on May 8, 1995, to ten years imprisonment at hard labor.  Petitioner was adjudicated a fourth felony offender.  The trial court vacated its previous sentence and resentenced petitioner to serve thirty years on August 11, 1995.

On June 15, 1994, in **State of Louisiana v. Michael Walker**, No. 226570, petitioner was sentenced to 3 years probationary sentences based upon his pleas of guilty to possession of cocaine (La. R.S. 40:967(C)) and aggravated battery (La. R.S. 14:34).  Petitioner's probation was revoked on June 14, 1995, and the court ordered petitioner to serve three years at hard labor on each count to run concurrently with each other and to run consecutively to the sentence imposed under Case No. 232150.  (See State Record, Volume 1, Minute Entry June 14, 1995.)

[2]State Record, Volume 2, pages 61-62.

[3]State Record, Volume 2, page 70.

[4]State Record, Volume 3, No. KA-96-0228.

[5]**State v. Walker**, 686 So.2d 175 (table), No. 96-0228 (La. App. 1st Cir. Nov. 8, 1996) unpublished opinion.  A copy of the unpublished opinion is found in the State Record, Volume 4.

[6]**State v. Walker**, 703 So.2d 1262 (La. Nov. 7, 1997).

does not show that petitioner appealed his convictions to the United States Supreme Court. Therefore, petitioner's convictions became final on February 5, 1998, ninety days after the ruling of the Louisiana Supreme Court.[7]

Petitioner filed his first application for post-conviction relief (PCR) in the trial court on August 18, 1999, wherein he claimed that his convictions were unlawfully obtained because of: a defective **Boykin** examination; the multiple bill proceedings was defective; and, ineffective assistance of counsel. The trial court denied PCR on September 7, 1999.[8] Later in September 1999, petitioner executed an application for supervisory writ for filing in the Louisiana First Circuit Court of Appeal. The writ was denied on January 4, 2000.[9] On March 10, 2000, petitioner applied for a writ of review with the Louisiana Supreme Court.[10] Relief was denied on November 27, 2000.[11]

---

[7]See Sup. Ct. R. (13)(1).

[8]State Record, Volume 1, Order Denying Post-Conviction Relief.

[9]**State of Louisiana ex rel. Michael Walker v. State of Louisiana**, No. 99-KW-2332 (La. App. 1st Cir. Jan. 4, 2000). The First Circuit referenced, see La. Code Crim. P. art. 930.4A and **State v. Walker**, 96-KA-0228 (La. App. 1st Cir. 11/8/96), (unpublished) writ denied, 97-0724 (La. 11/7/97), 703 So.2d 1262.

[10]State Record, Volume 4, Letter to Clerk of Court dated March 10, 2000.

[11]**State ex rel. Michael Walker v. State of Louisiana**, No. 2000-KH-0985 (La. Nov. 27, 2000). The Court relied on La. C.Cr.P. art. 930.3; **State ex rel. Melinie v. State**, 93-1380 (La. 1/12/96), 665 So.2d 1172.

3

Petitioner filed his federal application for habeas corpus relief on January 26, 2001.[12]   (See Fed. Rec. Doc. 1, "Petitioner for Writ of Habeas Corpus and Evidentiary Hearing.") Therein, Walker raises four issues concerning his convictions and sentences as follows:

> 1.  When the Judicial District Courts are interpreting a statute, should it carry out the meaning intended by the legislature or read into the language its own bias interest and policy preference?

> 2.  First Circuit Court of Appeals erred in its interpretation, affirmation of the application for post-conviction relief, without any considerations?

> 3.  Counsel's assistance was ineffective at each stage of the criminal proceedings, namely the defective **Boykin** examination plea?

> 4.  Trial Court had erred when it adjudicated petitioner to be a multiple offender; as the bill was defective within itself, as the prior conviction was error, denying the petitioner, the United States Constitution Amendments Fifth (5th) and Fourteenth (14th) and the Louisiana Constitution of 1974, Article 1, Section 2.

---

[12]Petitioner signed his petition on January 26, 2001.  It was tendered for filing with the Clerk of this Court on January 29, 2001.  Petitioner's application was formally filed on February 12, 2001.  This January 26, 2001, filing date was ascertained via the Court's use of the "mailbox rule."  Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  **Cooper v. Brookshire**, 70 F.3d 377, 379 (5th Cir. 1995).  Generally, the date a prisoner signs his petition, in this case, January 26, 2001, is presumed to be the date he delivered it to prison officials for mailing. *See* **Colarte v. Leblanc**, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); **Magee v. Cain**, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); **Punch v. State**, 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

It appears from review of the record that petitioner has exhausted the above issues in the highest state court. See **Rose v. Lundy**, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The State has filed a response to petitioner's habeas corpus application urging the Court to dismiss the federal application with prejudice as untimely. (See, Fed. Rec. Doc. No. 6.)

## Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is required to bring his *habeas corpus* claims pursuant to 28 U.S.C. § 2254 within one year of the date his conviction became final. In this case, petitioner's conviction became final on **February 5, 1998**, when he failed to timely file a writ of certiorari with the United States Supreme Court. Thus, under the clear language of the statute, Walker had a year from then, or until **February 5, 1999**, to timely seek federal *habeas corpus* relief. Walker failed to file his federal *habeas* petition until **January 26, 2001** and thus is time-barred unless the one-year statute of limitations period was interrupted or otherwise tolled in either the following two ways recognized in the applicable law.

First, the AEDPA itself provides for interruption of the one-year limitations period during the time when a properly filed application for State post-conviction or other collateral review is pending. A "properly filed" application "is one which is 'permissible under state law' meaning that it is "submitted according to the state's procedural

5

requirements, such as the rules governing the time and place of filing". **Villegas v. Johnson**, 184 F.3d 467, 470 (5th Cir. 1999); **Lovasz v. Vaughn**, 134 F.3d 146, 148 (3rd Cir. 1998).

Walker waited until August 18, 1999, to file his first PCR in the trial court. Therefore, from February 5, 1998, until August 18, 1999, Walker allowed one year, 6 months and 12 days of the one year statute of limitations period to expire. At this point, Walker's federal habeas petition was already untimely. Therefore, Walker's is time-barred under Title 28, United States Code, Section 2244(d)(1) and (2).

Walker is not entitled to equitable tolling, in accordance with **Davis v. Johnson,** 158 F.3d 806, 810 (5th Cir. 1998). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. A 'garden variety claim of excusable neglect' does not support equitable tolling." **Coleman v. Johnson,** 184 F.3d 398, 402 (5th Cir. 1999), **citing Rashidi v. American President Lines,** 96 F.3d 124, 128 (5th Cir. 1996). Petitioner fails to state a sufficient ground to warrant equitable tolling. For equitable tolling to apply, the applicant must diligently pursue his §2254 relief. **Coleman,** 184 F.3d at 403. The record discloses that petitioner waited, without justification, more than one year and six months after his conviction was final in the state courts to properly file a post-conviction application in the state trial court.

6

Walker has not made any showing of "rare and exceptional circumstances" which would justify the equitable tolling of the one year limitations period.  **Molo v. Johnson**, 207 F.2d 773, 775 (5th Cir. 2000).  Therefore, this Court concludes that Walker's federal application is time-barred from federal *habeas* review.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Michael Walker for issuance of a writ of *habeas corpus* under Title 28, United States Code, Section 2554 be **DENIED WITH PREJUDICE AS UNTIMELY.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  **Douglass v. United Services Auto. Ass'n**, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 15th day of May 2001.

LOUIS MOORE, JR.
United States Magistrate Judge

7